**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEROME LEONARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1869** |
| **JODY R. UPTON, WARDEN, ET AL** | **SECTION: B(3)** |

## ORDER AND REASONS

Petitioner Jerome Leonard ("Leonard") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the actions of the Louisiana Department of Public Safety and Corrections, specifically the Division of Probation and Parole, in connection with his parole revocation and the execution of his state sentence.

In 1997, Leonard was sentenced to the custody of the State of Louisiana for twelve years for an armed robbery conviction and twelve years for a conviction of attempted second degree murder, with each sentence to run concurrently.  Rec. Doc. No. 2, at 1; Rec. Doc. No. 9-2, at 1-2.  On June 1, 2003, Leonard was released under good time parole supervision, with a full-term release date of September 1, 2009.  Rec. Doc. No. 9-2, at 2.  On January 16, 2007, while still on parole supervision with the State, Leonard pled guilty to a felony violation of the Federal Controlled Substances Act in the United States District Court for the Eastern District of Louisiana.  *See* Case No. 05-168, Rec. Doc. No. 288. Leonard was subsequently sentenced to a term of ninety months, to

be served with the United States Bureau of Prisons, and he is currently serving this sentence at a federal penitentiary in Beaumont, Texas.  Rec. Doc. No. 9-2, at 2; *see also* Case No. 05-168, Rec. Doc. No. 359.

>La. R.S. 15:574.10 provides, in pertinent part:
>
>When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole, and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is directed by the court.

Pursuant to this statute, Leonard's parole was automatically revoked, and a detainer was placed on Leonard by the Louisiana Department of Public Safety and Corrections, which requires Leonard to serve the remainder of his original term in state custody upon his release from federal custody.  Rec. Doc. No. 9-2, at 2.

Leonard contends that on February 9, 2007, he made an agreement with an official representative of the Louisiana Parole Board, whereby he agreed to waive his right to a revocation hearing, and in exchange, his state parole revocation time would run concurrent to his federal prison time.  Rec. Doc. No. 2, at 1.

On May 19, 2010, Leonard filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, claiming that the Louisiana Division of Probation and Parole violated his Due Process rights by breaching the aforementioned agreement, failing to adhere to its own policy of providing an alleged parole violator with a written copy of the summary and result of his preliminary hearing, and arbitrarily denying a meaningful review of his parole eligibility and discharge of his sentence.  Rec Doc. No. 1, at 6; Rec. Doc. No. 2, at 2, 5.  Specifically, Leonard argues that his state parole revocation time has been satisfied and therefore should have been discharged as of February 2010, yet the detainer remains lodged against him.  Rec Doc. No. 1, at 6; Rec. Doc. No. 2, at 2.  Additionally, Leonard claims that the Louisiana Division of Probation and Parole refuses to consider his claims.  Rec. Doc. No. 2, at 2.

As Leonard is challenging the circumstances surrounding the revocation of his parole and execution of his state court sentence, the exhaustion of state remedies is required prior to federal review of his § 2241 petition.[1]  *Haggerton v. Board of Pardons and Parole*, 1996 WL 60616, at *1 (5th Cir. 1996); *Rome v. Kent*, 1994 WL 708768, at *2 (5th Cir. 1994).  Although not explicitly required by

---

[1]To the extent Leonard's petition could be construed as a § 2254 petition for writ of habeas corpus, the exhaustion of state remedies is still a prerequisite to federal relief, and therefore the result remains the same. *See* 28 U.S.C. § 2254(b)(1); *Picard v. Conner*, 404 U.S. 270, 275 (1971).

the language of § 2241, "there is a 'judicially crafted' exhaustion requirement based on 'federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'" *Saucier v. Alcede*, 1995 WL 449821, at *1 (5th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Rome*, *supra*, at *3 (citing *Picard v. Conner*, 404 U.S. 270, 275 (1971)). However, a petitioner may be relieved of the obligation to exhaust state remedies if resorting to state processes would be either impossible or futile. *Mason v. Askew*, 484 F.2d 642, 643 (5th Cir. 1973).

Leonard has failed to exhaust state remedies before seeking federal habeas relief. He has not sought any form of administrative relief with regard to his parole revocation, and he has yet to raise his issues in the state courts of Louisiana. Additionally, he has not sufficiently demonstrated that resorting to state processes would be either impossible or futile, nor has he shown any other special circumstance that would warrant exemption from the exhaustion requirement. Accordingly,

**IT IS ORDERED** that Leonard's Petition for Writ of Habeas Corpus is hereby **DISMISSED** without prejudice, for failure to

4

exhaust state remedies.

**IT IS FURTHER ORDERED** that any pending motions in this matter are **DISMISSED AS MOOT.**

Additionally, the Court finds it important to note that this Court cannot grant the relief sought by Leonard with regard to determining whether his sentences are to run concurrently and further ordering that the detainer lodged against him be lifted. Applicable jurisprudence has held that La. R.S. 15:574.10 only applies to the state courts, that the district court having jurisdiction over the original parole violation has the authority to order concurrent sentences, and that a federal district court judge is without authority to order concurrent terms of imprisonment for a state parole violation and a subsequent federal conviction. *United States v. Rosas*, 1997 WL 285015, at *4 (E.D.La. 1997); *State of Louisiana ex rel. George v. Hunt*, 327 So.2d 375 (La. 1976); *State of Louisiana v. Smith*, 595 S.2d 813 (La. App. 2 Cir. 1992). Accordingly, under La. R.S. 15:574.10, Leonard must seek this relief by petitioning to the state district court having jurisdiction over his original parole violation.

New Orleans, Louisiana this 8th day of December, 2010.

_____
United States District Judge